## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **SHARON ALLISON, on behalf of herself and the class of similarly situated persons;** | **NO. CV 05-881 WPJ/WDS** |

**Plaintiffs,**

**v.**

**LINCOLN COUNTY BOARD OF COMMISSIONERS; CORNELL COMPANIES, INC., a Delaware Corporation; CORRECTIONAL SYSTEMS, INC., a Delaware Corporation; MIKE HOLM, individually and in his official capacity; ROGER JEFFERS, individually and in his official capacity; PETER MORALES, individually and in his official capacity; LUCY VEGA, individually and in her official capacity; LINCOLN COUNTY DETENTION CENTER CORRECTIONS OFFICERS DOES 1 THROUGH 50 and ROES 1 THROUGH 20, inclusive;**

**Defendants.**

## FINAL JUDGMENT OF DISMISSAL AND
## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT

THIS MATTER came before the Court upon the Joint Unopposed Motion of Plaintiff and

Class Representative Sharon Allison; and Defendants LINCOLN COUNTY BOARD OF

COMMISSIONERS; CORNELL COMPANIES, INC., a Delaware Corporation;

CORRECTIONAL SYSTEMS, INC., a Delaware Corporation; MIKE HOLM, individually and

in his official capacity; ROGER JEFFERS, individually and in his official capacity; PETER

MORALES, individually and in his official capacity; and LUCY VEGA, individually and in her

official capacity (hereinafter collectively referred to as "the Parties") for final approval of the

Stipulation of Settlement ("Settlement Agreement") entered into by the Parties.  The Court has considered the facts and legal authorities set forth in the Parties' Joint Unopposed Motion for Final Approval of Class Action Settlement Agreement, the Memorandum in Support of Approval of Reasonable Attorneys Fees and Costs, and the affidavits submitted in support thereof; has reviewed the terms of the Settlement Agreement; has considered the matters presented to the Court at the Final Fairness Hearing held on November 1, 2007; and has determined that there is good cause for final approval of the Settlement Agreement and entry of this Order.  Therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The notice provided to Class Members of the Settlement Agreement was the best notice practicable under the circumstances, within the meaning of Rule 23(c)(2)(B), Federal Rules of Civil Procedure.

2. No objections were received from any Class Member to the Settlement Agreement.  No members of the class opted out.

3. The Court concludes that the Settlement Agreement was entered into in good faith, is reasonable, fair and adequate, and in the best interest of the Class, and should be and hereby is approved.

4. All claims in the Action as to the Released Persons as defined in the Settlement Agreement, including all claims for declaratory and injunctive relief, should be and hereby are dismissed with prejudice.

5. All Settlement Class Members as defined in the Settlement Agreement ("SCMs") are enjoined from asserting against any Released Person, any and all claims that the SCMs had, has or may have in the future arising out of the facts alleged in the Complaint.

6.    Each Released Person is released from the claims which any SCM has, had or may have in the future, against such Released Person arising out of the facts alleged in the Complaint.

7.    No person may assert any claim against the Class Representatives, Class Counsel, or Claims Administrator based on the distribution of the Settlement Fund made substantially in accordance with the Settlement Agreement and/or the orders of the Court.

8.    Payments to Class Members shall be made as soon as practicable pursuant to the formula and procedure set forth in the Settlement Agreement.

9.    Class Counsel is awarded reasonable attorneys fees and costs in the total amount of $600,000, to be paid forthwith from the settlement fund.

10.    Class Representative is awarded incentive payments in the amount of $100,000, in addition to whatever payments to which she is entitled as Class Member, to be paid forthwith from the settlement fund.

11.    The Court reserves continuing and exclusive jurisdiction over the Parties to the Settlement Agreement, including Defendants and SCMs, to administer, supervise, construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of all the Parties.

IT IS SO ORDERED.

_____
U.S. DISTRICT COURT JUDGE